

**Debevoise & Plimpton LLP**
919 Third Avenue
New York, NY 10022
+1 212 909 6000

**David H. Bernstein**
Partner
dhbernstein@debevoise.com
+1 212 909 6696

November 29, 2022

BY ECF

Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

          **No. 22-1006, *Vans, Inc. v. MSCHF Product Studio, Inc.***

Dear Ms. Wolfe:

Pursuant to Federal Rule of Appellate Procedure 28(j), I write on behalf of MSCHF Product Studio, Inc. ("MSCHF") to respond to the November 28, 2022 letter filed by Vans, Inc. and VF Outdoor, LLC ("Vans") advising this Court of the Supreme Court's grant of certiorari in *Jack Daniel's Properties, Inc. v. VIP Products LLC*, No. 21-16969, 2022 WL 1654040 (9th Cir. 2022), *cert. granted*, 598 U.S. __ (U.S. Nov. 21, 2022) (No. 22-148) ("Vans' Letter").

Contrary to any suggestion that the Court should delay its decision in this case pending the Supreme Court's decision in *VIP Products*, the Court should rather issue its decision as soon as reasonably possible. The Supreme Court's decision in *VIP Products* is not expected until mid-2023 at the earliest. In the meantime, MSCHF remains subject to the prior restraint that has prevented it from displaying its *Wavy Baby* artworks at its Perrotin Gallery exhibition this month and at Art Basel, which opens tomorrow. Furthermore, MSCHF suffers ongoing hardship from its compliance with the district court's improper order that MSCHF escrow nearly $1 million of its revenues.

Although the parties agree that the "Supreme Court's decision may provide additional guidance on the correct balance of First Amendment and trademark protections," Vans' Letter at 2, a straightforward application of this Court's precedents supports reversal here. The district court below failed to address MSCHF's *Rogers*-based First Amendment defense at all—that alone is reversible error. Furthermore, MSCHF's arguments do not depend on the Ninth Circuit's decision in *VIP Products*, which addressed a mass-market dog toy that featured puns using the plaintiff's trademark and trade dress but that did not express anything about the plaintiff. In contrast, *Wavy Baby* is a work of artistic expression that parodies and comments directly on Vans, was created by an art collective, and was sold in limited quantities, for a high price,

Catherine O'Hagan Wolfe  2  November 29, 2022

exclusively through MSCHF's proprietary app to registered users of the app. Accordingly, any eventual decision by the Supreme Court in *VIP Products* is not likely to affect this Court's decision on the merits of this case.

Very truly yours,

/s/ David H. Bernstein

David H. Bernstein

cc: Counsel of Record, by ECF